UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JEREMIAH GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:24-CV-029-TAV-DCP |
| | ) |
| KAYLA STRATTMAN, FAST | ) |
| ACCESS HEALTHCARE, and | ) |
| CAMPBELL COUNTY SHERIFF'S | ) |
| OFFICE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's (1) pro se complaint for violation of 42 U.S.C. § 1983 arising out of his allegation that a nurse denied him medical care for an injury [Doc. 2] and (2) two motions for leave to proceed *in forma pauperis* [Docs. 1, 9]. For the reasons set forth below, Plaintiff's second motion to for leave to proceed *in forma pauperis* [Doc. 9] will be **GRANTED**, but this action will be **DISMISSED without prejudice** because Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983.

### I.   FILING FEE

It appears from Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 9], which includes all the required documents, that he cannot pay the filing fee in a lump sum. Accordingly, this motion [*Id.*] is **GRANTED**, and Plaintiff's first such motion [Doc. 1], which is not accompanied by the required documents, is **DENIED as moot**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market

Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The

dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

Plaintiff alleges that on July 6, 2022, while he was confined in the Campbell County Jail, he requested treatment for a torn arm muscle, an injury that occurred in March 2022, but an unspecified nurse stated that there was nothing wrong with his arm because she had observed him working out [Doc. 2, pp. 3–4]. Plaintiff submitted more medical requests and saw a doctor, who told Plaintiff that he could have repaired Plaintiff's arm if he had

3

seen him in the first six weeks after the injury, but it was too late [*Id.* at 4]. Plaintiff states that his arm is now permanently disfigured [*Id.*].

Plaintiff has sued Correctional Head Nurse Kayla Thomas ("Head Nurse Thomas"), Fast Access Healthcare, and the Campbell County Sheriff's Office [*Id.* at 1, 2–3]. Plaintiff seeks to hold Defendants liable for his emotional and physical distress and pain [*Id.* at 7].

### C. Analysis

#### 1. Correctional Head Nurse Thomas

First, while Plaintiff has sued Head Nurse Thomas, he does not set forth any facts from which the Court can plausibly infer that she was personally involved in the incidents underlying his complaint, and she cannot be liable for his claims under § 1983 solely based on her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim).

Moreover, even if the Court assumes that Head Nurse Thomas is the nurse who saw Plaintiff pursuant to the medical request he submitted on July 6, 2022, he has not alleged any facts from which the Court can plausibly infer that the alleged denial of further medical treatment at this visit violated his constitutional rights.[1] Because Plaintiff was presumably

---

[1] Notably, while Plaintiff's complaint arises out his allegation that an unspecified nurse denied him medical care after he put in a medical request on July 6, 2022, he did not file his complaint until nearly 18 months later on January 18, 2024 [Doc. 2, p 5]. Thus, it appears that his

4

a pretrial detainee at the time of the incident underlying his complaint, the Court analyzes his claim alleging a denial of further medical treatment under the Fourteenth Amendment, rather than the Eighth Amendment. *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021). Under the Fourteenth Amendment, pretrial detainees cannot be subjected to punishment prior to a determination of guilt. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'") (citations omitted). Accordingly, for Plaintiff's complaint to state a plausible claim that Head Nurse Thomas exposed him to punishment by failing to provide him medical care, Plaintiff must set forth facts from which the Court can infer that (1) he had a sufficiently serious medical need, and (2) this defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

Plaintiff has not done so. To the contrary, it is apparent from Plaintiff's complaint that Head Nurse Thomas did not believe that Plaintiff faced any risk of harm due to his arm because she had observed him working out. And Plaintiff has not set forth facts suggesting that any risk of harm to him from the muscle tear was obvious or known, such

---

claim for relief arising out of this denial of treatment is likely time-barred under Tennessee's one-year statute of limitations, which applies to this claim. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (noting that federal district courts apply a state's statute of limitations to § 1983 claims); Tenn. Code Ann. § 28-3-104(a)(1)(B) (setting forth one-year statute of limitations for § 1983 claims). However, as the complaint also fails to state a claim for relief upon which relief may be granted under § 1983 for the reasons set forth more fully herein, the Court will not dismiss the complaint on this ground at this time.

5

that the Court could infer that Head Nurse Thomas deliberately or recklessly failed to address it.

Moreover, it is apparent from Plaintiff's complaint that, even if Head Nurse Thomas had sent Plaintiff to the doctor for medical treatment of his muscle tear after he first requested such treatment on or about July 6, 2022, this was already substantially more than six weeks after he suffered that injury in March 2022. Thus, Plaintiff's complaint establishes that he was already far past the six-week window in which he alleges the doctor could have repaired his torn muscle when he first sought treatment.

Accordingly, Plaintiff's claims against Head Nurse Thomas will be **DISMISSED**.

2. **Fast Access Health Care and Campbell County Sheriff's Office**

As set forth above, Plaintiff has also sued Fast Access Health Care and the Campbell County Sheriff's Office [*Id.* at 1]. However, the Campbell County Sheriff's Office is not a suable entity under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). And while Campbell County, which runs the Campbell County Jail, is an entity subject to suit under § 1983, as is Fast Access Health Care to the extent that Plaintiff has alleged it is a state actor,[2] to state a plausible § 1983 claim against either of these

---

[2] *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982) (setting forth the three tests for determining whether a defendant is a state actor subject to liability under § 1983).

entities, Plaintiff must allege facts from which this Court could infer that his constitutional rights were violated because of the entity's policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights) (citation omitted).

In this case, Plaintiff has not set forth any facts from which the Court can plausibly infer that an official policy or custom of Campbell County and/or Fast Access Health Care was the moving force behind any alleged violation of his rights. Accordingly, Plaintiff's claim against these entities will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 9] is **GRANTED** and his first such motion [Doc. 1] is **DENIED as moot**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

7

5. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

ENTER:

                         s/ Thomas A. Varlan
                         UNITED STATES DISTRICT JUDGE